1  **BERMAN O'CONNOR MANN & SHKLOV**
   Suite 503, Bank of Guam Building
2  111 Chalan Santo Papa
   Hagåtña, Guam 96910
3  Telephone: (671) 477-2778

4

   Attorneys for Plaintiffs
5  *Robert A. Samuelson, et al.*

6

**FILED**
DISTRICT COURT OF GUAM

SEP 2 4 2004

MARY L. M. MORAN
CLERK OF COURT

7

                    IN THE DISTRICT COURT OF GUAM
8

9                                                   CIVIL CASE NO. **04-00043**
   ROBERT A. SAMUELSON, SONNY DE VERA,)
10 NAPOLEON GONZALES, JR., REYNALDO   )
   FIGUEROA, ANGKENITA ANEKO, TULEN   )
11 TULEN, ROZIE TAKAMINE, and         )
   JOHN M. McCORMICK,                 )
12                                     )
                        Plaintiffs,    )
13                                     )
                  vs.                  )        **C O M P L A I N T**
14                                     )
   INTERNATIONAL TRADING NETWORK,      )
15 LTD. d/b/a HYATT REGENCY GUAM,      )
                                       )
16                     Defendant.      )
17 _____)

18        The Plaintiffs Robert A. Samuelson, Sonny De Vera, Napoleon Gonzales, Jr.,

19 Reynaldo Figueroa, Angkenita Aneko, Tulen Tulen, Rozie Takamine, and John McCormick

20 for their Complaint allege as follows:

21                          JURISDICTION AND PARTIES

22        1.      Jurisdiction of this action is conferred on this Court by Section 16(b) of the

23 Fair Labor Standards Act, 29 U. S. C. §216(b), and by the provisions of 28 U. S. C. §1337,

24 relating to any civil action or proceeding arising under any Act of Congress regulating

25 commerce.  In addition, this Court has supplemental jurisdiction over the claim brought

26 pursuant to Guam statutory law as this claim arose out of the same nucleus of operative

27 facts as a federal claim.

28        2.      Plaintiffs are residents of the Territory of Guam.

E:\Deenie\Pldgs\Samuelson-Hyatt\Complaint.wpd

                              **ORIGINAL**

Robert A. Samuelson, Sonny De Vera, Napoleon Gonzales, Jr.,
Reynaldo Figueroa, Angkenita Aneko, Tulen Tulen, and John M. McCormick
COMPLAINT

3.      Defendant is a corporation organized and existing under the laws of the Territory of Guam, having its principal office and place of business located in Tumon, Guam, and, at the times mentioned herein, employed the Plaintiffs.

4.      Defendant employer was and is engaged in a business of operating a resort hotel known as the Hyatt Regency Guam.

## GENERAL ALLEGATIONS

5.      The Plaintiff Robert A. Samuelson is employed at the Hyatt Regency Hotel as a chef de partie in the Al Dente Restaurant. Prior to August 26, 2004, the Defendant improperly classified him as exempt and as a result failed to pay time and one-half for hours worked by him in excess of 40 hours per week.

6.      The Plaintiff Sonny De Vera was employed at the Hyatt Regency Hotel as a chef de partie in the Al Dente Restaurant until he left his employment there on or about June 25, 2004. The Defendant improperly classified him as exempt and as a result failed to pay time and one-half overtime for hours worked by him in excess of 40 hours per week.

7.      The Plaintiff Napoleon Gonzales, Jr. is employed at the Hyatt Regency Hotel as a chef de partie in the Al Dente Restaurant. Prior to August 26, 2004, the Defendant improperly classified him as exempt and as a result failed to pay time and one-half for hours worked by him in excess of 40 hours per week.

8.      The Plaintiff Reynaldo Figueroa is currently employed at the Hyatt Regency Hotel as a chef de partie in the La Mirenda Restaurant. Prior to August 26, 2004, the Defendant improperly classified him as exempt and as a result failed to pay time and one-half for hours worked by him in excess of 40 hours per week.

9.      The Plaintiff Angkenita Aneko is employed at the Hyatt Regency Hotel as a

E:\Deenie\Pldgs\Samuelson-Hyatt\Complaint.wpd

Robert A. Samuelson, Sonny De Vera, Napoleon Gonzales, Jr.,
Reynaldo Figueroa, Angkenita Aneko, Tulen Tulen, and John M. McCormick
COMPLAINT

Page 3

chef de partie in the La Mirenda Restaurant. Prior to August 26, 2004, the Defendant improperly classified her as exempt and as a result failed to pay time and one-half for hours worked by her in excess of 40 hours per week.

10. The Plaintiff Tulen Tulen was employed at the Hyatt Regency Hotel as a sous chef in the Niji Restaurant. He also worked in the Commissary at the Hyatt Regency Hotel, and left his employment there on or about April 19, 2004. The Defendant improperly classified him as exempt and as a result failed to pay him time and one-half overtime for hours worked by him in excess of 40 hours per week.

11. The Plaintiff Rozie Takamine is employed at the Hyatt Regency Hotel as a sous chef in the La Mirenda Restaurant. Prior to August, 26, 2004, the Defendant improperly classified her as exempt and as a result failed to pay time and one-half for hours worked by her in excess of 40 hours per week.

12. The Plaintiff John M. McCormick is employed at the Hyatt Regency Hotel with the title of team leader in repairs and maintenance. Prior to August 26, 2004, the Defendant improperly classified him as exempt and as a result failed to pay time and one-half for hours worked in excess of 40 hours per week.

<u>COUNT I – FEDERAL FAIR LABOR STANDARDS ACT</u>

13. In performing the work described, the Plaintiffs were engaged in commerce within the meaning of Section 3(b), 3(i), 3(j) 6(a) and 7(a) of the Act (29 USC § 203(b), 203(i), 203(j), 206(a), and 207(a)).

14. The Defendant classified the Plaintiffs as exempt despite the fact that their primary duty did not consist of the management of Defendant or of a customarily recognized department or subdivision of the Defendant; that they did not customarily and

E:\Deenie\Pldgs\Samuelson-Hyatt\Complaint.wpd

Robert A. Samuelson, Sonny De Vera, Napoleon Gonzales, Jr.,
Reynaldo Figueroa, Angkenita Aneko, Tulen Tulen, and John M. McCormick
COMPLAINT

Page 4

regularly direct the work of two or more employees; that they did not have authority to hire or fire other employees nor were their recommendations regarding the hiring, firing or promotion of other employees given particular weight; and that they did not customarily and regularly exercise discretionary power or independent judgment.

15.     The actions of the Defendant in improperly classifying the Plaintiffs as exempt was and is contrary to the provisions of Section (a) of the Act (29 U.S.C. § 207 (a)). As a result, the Defendant has failed to pay Plaintiffs for work in excess of forty hours per week. The Plaintiffs are entitled to recover the amount owed to them for work in excess of forty hours per week plus costs and reasonable attorneys' fees, which amount shall be proven at trial.

16.     Defendant's misclassification of the Plaintiffs as exempt, when in fact they were not exempt, was willful, without a reasonable basis and not in good faith, thereby entitling the Plaintiffs to the unpaid wages owed to them plus liquidated damages in the amount of the unpaid wages owed to them.

<u>COUNT II - MINIMUM WAGE AND HOUR ACT OF GUAM</u>

17.     The Plaintiffs incorporate herein all preceding allegations of this Complaint.

18.     Defendant's acts and omissions constitute a violation of 22 GCA § 3107(a), which, with exceptions not applicable here, precludes employment in excess of forty hours per week without the payment of overtime wages.

19.     The Defendant's violation was and is willful and, pursuant to 22 GCA § 3117(2), the Plaintiffs are entitled to recover the amount owed to them for work in excess of forty hours per week and an equal amount as liquidated damages, which amount shall be proven at trial.

E:\Deenie\Pldgs\Samuelson-Hyatt\Complaint.wpd

Robert A. Samuelson, Sonny De Vera, Napoleon Gonzales, Jr.,
Reynaldo Figueroa, Angkenita Aneko, Tulen Tulen, and John M. McCormick
COMPLAINT

20.     Defendants are liable for punitive damages for underpaying Plaintiffs in an amount equal to three times the wages due pursuant to 22 GCA § 3219.

21.     Pursuant to 22 GCA § 3117(3) and §3218, Plaintiffs are entitled to their costs and a reasonable attorneys' fee for maintaining this action.

WHEREFORE, Plaintiffs pray that this Court:

1.     Enter judgment against Defendant in the amounts due Plaintiffs for wages plus liquidated damages or punitive damages, plus pre-judgment interest, all in an amount to be proven at trial.

2.     Award to Plaintiffs their costs herein, including a reasonable attorneys' fees for the prosecution of this action.

3.     Enter such other and further relief which the Court deems proper.

Respectfully submitted this 24th day of September, 2004.

BERMAN O'CONNOR MANN & SHKLOV
Attorneys for Plaintiffs

By: _____
BILL R. MANN

E:\Deenie\Pldgs\Samuelson-Hyatt\Complaint.wpd                    5