**CALVO AND CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant
*International Trading Network, Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT A. SAMUELSON, SONNY DE VERA, NAPOLEON GONZALES, JR., REYNALDO FIGUEROA, ANGKENITA ANEKO, TULEN TULEN, ROZIE TAKAMINE, DANIEL H. HIPOLITO and JOHN M. McCORMICK,<br><br>Plaintiffs,<br><br>-v-<br><br>INTERNATIONAL TRADING NETWORK, LTD. d/b/a HYATT REGENCY GUAM,<br><br>Defendant. | CIVIL CASE NO. 04-00043<br><br>**ANSWER** |

COMES NOW Defendant International Trading Network, dba Hyatt Regency Guam ("Defendant"), and for its Answer to Plaintiffs' Second Amended Complaint ("Complaint"), does hereby admit, deny, and allege as follows:

1. Defendant admits the allegations of paragraph 1.

2. As to paragraph 2, Defendant is without knowledge of the facts alleged in paragraph 2 and on that basis denies those allegations.

3. As to paragraph 3 of the Complaint, Defendant admits that it is a corporation organized and existing under the laws of the Territory of Guam. Defendant denies each and every other allegation in paragraph 3.

4. Defendant denies each and every allegation of paragraphs 4, 18 and 20.

5. As to paragraph 5, Defendant admits that Plaintiff Robert A. Samuelson was employed at the Hyatt Regency Guam until on or about October 15, 2004 as a chef de partie at the Al Dente Restaurant. Defendant denies each and every other allegation in paragraph 5.

6. As to paragraph 6, Defendant admits that Plaintiff Sonny De Vera was employed at the Hyatt Regency Guam until on or about June 25, 2004 as a chef de partie in the Al Dente Restaurant. Defendant denies each and every other allegation in paragraph 6.

7. As to paragraph 7, Defendant admits that Plaintiff Napoleon Gonzales, Jr. is employed at the Hyatt Regency Guam as a chef de partie in the Al Dente Restaurant. Defendant denies each and every other allegation in paragraph 7.

8. As to paragraph 8, Defendant admits that Plaintiff Reynaldo Figueroa is employed at the Hyatt Regency Guam as a chef de partie in the La Miranda Restaurant. Defendant denies each and every other allegation in paragraph 8.

9. As to paragraph 9, Defendant admits that Plaintiff Angkenita Aneko is employed at the Hyatt Regency Guam as a chef de partie in the La Miranda Restaurant. Defendant denies each and every other allegation in paragraph 9.

10. As to paragraph 10, Defendant admits that Plaintiff Rozie Takamine is employed at the Hyatt Regency Guam as a sous chef in the La Miranda Restaurant. Defendant denies each and every other allegation in paragraph 10.

11. As to paragraph 11, Defendant admits that Plaintiff Tulen Tulen was employed at the Hyatt Regency Guam as a sous chef in the Niji Restaurant and the Commissary until on or about April 19, 2004. Defendant denies each and every other allegation in paragraph 11.

12. As to paragraph 12, Defendant admits that Plaintiff Daniel H. Hipolito is

employed at the Hyatt Regency Guam as a chef de partie in the Commissary. Defendant denies each and every other allegation in paragraph 12.

13. As to paragraph 13, Defendant admits that Plaintiff John M. McCormick is employed at the Hyatt Regency Guam with the title of team leader, repairs and maintenance. Defendant denies each and every other allegation in paragraph 13.

14. As to paragraph 14, Defendant admits that Plaintiff Seiko M. Kirachky is employed at the Hyatt Regency Guam with the title of head steward. Defendant denies each and every other allegation in paragraph 14.

15. As to paragraph 15, Defendant admits that Plaintiff Nelson S. Pius was employed at the Hyatt Regency Guam with the title of head steward until on or about May 11, 2003. Defendant denies each and every other allegation in paragraph 15.

16. As to paragraph 16, Defendant admits that Plaintiff Bwanina D. Salle was employed at the Hyatt Regency Guam with the title of head steward until on or about April 5, 2003. Defendant denies each and every other allegation in paragraph 16.

17. As to paragraph 17, Paragraph 17 is a legal conclusion, not a factual allegation. On that basis, it is denied.

18. Defendant denies each and every allegation in paragraph 19. As an additional ground for denial, Defendant also denies the allegation that its classification of Plaintiffs was contrary to 29 U.S.C. § 207(a) on the basis that this allegation is a legal conclusion, not a factual allegation.

19. As to paragraph 21, in which Plaintiffs restate of their previous allegations, Defendant restates each previous response or denial to each previous allegation.

20. Defendant denies each and every allegation in paragraph 22. As an

additional ground for denial, Defendant also denies the allegation that it violated 22 G.C.A. § 3107(a) on the basis that this allegation is a legal conclusion, not a factual allegation.

21. Defendant denies each and every allegation in paragraph 23. As an additional ground for denial, Defendant denies the allegations on the basis that they attempt to state a legal conclusion, not a factual allegation.

22. Defendant denies each and every allegation in paragraph 24. As an additional ground for denial, Defendant denies the allegations on the basis that they attempt to state a legal conclusion, not a factual allegation.

23. Defendant denies each and every allegation in paragraph 25. As an additional ground for denial, Defendant denies the allegations on the basis that they attempt to state a legal conclusion, not a factual allegation.

24. Defendant denies the entirety of Plaintiffs' prayer for relief.

25. Defendant denies each and every other allegation of Plaintiffs' Second Amended Complaint not previously expressly admitted herein.

## AFFIRMATIVE DEFENSES

FOR AFFIRMATIVE DEFENSES, Defendant states as follows:

1. Plaintiffs' Complaint is barred, in whole or part, because it fails to state claims upon which relief can be granted.

2. Plaintiffs' Complaint is barred, in whole or part, by the statute of limitations.

3. Plaintiffs' Complaint is barred, in whole or part, by laches.

4. Plaintiffs' Complaint is barred, in whole or part, by unclean hands.

5. Plaintiffs' Complaint is barred, in whole or part, by waiver.

6. Plaintiffs' Complaint is barred, in whole or part, by estoppel.

7. Plaintiffs' Complaint is barred, in whole or part, by a failure to mitigate.

8. Plaintiffs' Complaint is barred, in whole or part, by a lack of good faith and/or bad faith.

9. Plaintiffs' Complaint is barred, in whole or part, by fraud.

10. Plaintiffs' Complaint is barred, in whole or part, by an insufficiency of service of process.

11. Plaintiffs' Complaint is barred, in whole or part, by a failure to join an indispensable party.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

Plaintiffs take nothing by this action;

1. A judgment of dismissal in favor of Defendant be entered;

2. Defendant be granted such other relief as is just and appropriate under the circumstances, including reasonable costs and attorneys' fees.

Dated this 19th day of November, 2004.

                CALVO AND CLARK, LLP
                Attorneys at Law

        By: _____
                MICHAEL A. PANGELINAN

DC041119.56-0002A-1.Answer to Complaint     5

Case 1:04-cv-00043    Document 9    Filed 11/19/2004    Page 5 of 5