**CALVO AND CLARK, LLP**
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for Defendant
*International Trading Network, Ltd.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| ROBERT A. SAMUELSON, SONNY DE VERA, NAPOLEON GONZALES, JR., REYNALDO FIGUEROA, ANGKENITA ANEKO, TULEN TULEN, ROZIE TAKAMINE, DANIEL H. HIPOLITO and JOHN M. McCORMICK,<br><br>Plaintiffs,<br><br>-v-<br><br>INTERNATIONAL TRADING NETWORK, LTD. d/b/a HYATT REGENCY GUAM,<br><br>Defendant. | CIVIL CASE NO. 04-00043<br><br>**STIPULATION AND PROTECTIVE ORDER** |

COMES NOW, the parties herein, by and through their respective counsels and hereby stipulate and agree as follows:

I.

**PURPOSE AND SCOPE OF THE STIPULATION AND**

**PROTECTIVE ORDER**

A. Subject to the further order of this court, a party or witness may designate information to be protected by this order as follows:

1. A party or witness may designate as CONFIDENTIAL any information that the party: (a) in good faith believes is proprietary business information that is unavailable to the public and not readily determinable to other sources, (b) is treated by that party as confidential and is not disclosed to others, and (c) might be of value to a competitor of the designating party, whether a party or non-party.

2. Where appropriate, information designated as CONFIDENTIAL under this Stipulation and Order, is referred to collectively in this Stipulation and Protective Order as "Confidential Business Information." If information is designated as CONFIDENTIAL under this Stipulation and Order, the restrictions applicable to that information shall apply equally to any copies of that information, including but not limited to any notes, excerpts, summaries, or other transcriptions made therefrom.

3. The provisions of this Stipulation and Order shall apply to all Confidential Business Information produced, lodged, or filed by a party or witness during the course of this litigation, including without limitation, any Confidential Business Information produced, lodged, or filed prior to the execution of this Stipulation and Order.

## II.

## DESIGNATION OF CONFIDENTIAL BUSINESS INFORMATION

Prior to the production, lodging, or filing of documents designated CONFIDENTIAL pursuant to Section I, or within such other time period as the parties may agree, said documents shall be conspicuously stamped as "Confidential" or "CONFIDENTIAL." Should Confidential Business Information be disclosed or discussed at a deposition, counsel for any party or deponent may designate the entire transcript of the deposition including any exhibits thereto as CONFIDENTIAL. If counsel designates the transcript as CONFIDENTIAL, the entire

transcript shall be held as CONFIDENTIAL until fourteen calendar days after the designating counsel receives the official transcript. Upon receipt of the official transcript, designating counsel may preserve as CONFIDENTIAL those portions of the transcript entitled to be held CONFIDENTIAL under the terms of this Stipulated Protective Order by designating by page and line number those portions of the transcript or by exhibit number those exhibits that shall remain CONFIDENTIAL. If the designating party fails to provide specific designations of material entitled to be treated as CONFIDENTIAL within fourteen days after receipt of the official transcript of a deposition, the entire transcript shall be treated as non-CONFIDENTIAL. However, the parties may agree to extend the time allowed to make any designation under this paragraph. The parties agree that they will only designate as CONFIDENTIAL those portions of a deposition that contain Confidential Business Information, and only those portions of a deposition transcript that contain Confidential Business Information shall be treated as CONFIDENTIAL.

## III.

## DISCLOSURE TO DESIGNATED PERSONS ONLY

Confidential Business Information disclosed in accordance with this Stipulated Protective Order may only be used in the above captioned litigation and for no other purpose.

    A.      Such information may be disclosed to the following persons only:

          1.      Counsel for the parties, and employees of such counsel assigned to and necessary to assist such counsel in the preparation of the litigation;

          2.      Any expert or consultant expressly retained by any party's attorney to work in this action, with disclosure only to the extent necessary to perform such work;

          3.      Any director, officer, or employee of a party who is working directly on this litigation, with disclosure only to the extent necessary to perform such work;

4. Any person whose testimony is taken or to be taken, either at trial, motions or depositions, except that (i) such a person may only be shown copies of Confidential Business Information during his testimony and in preparation therefor, and (ii) such person may not retain any Confidential Business Information; and

5. The Court and court personnel.

B. All persons except the Court are enjoined from disclosing Confidential Business Information to any other person, except in conformance with this Order. Confidential Business Information shall be stored and maintained in a manner to preserve its confidentiality and to prevent all persons, other than those hereby made privy to said information, from having access to or obtaining disclosure of Confidential Business Information.

## IV.

## PLACEMENT UNDER SEAL

Subject to further order of this Court, any Confidential Business Information submitted, presented to, or filed with this Court shall be placed under seal and not made available to persons other than the Court and persons authorized by this Order. In applications and motions to the Court, all submissions of Confidential Business Information shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

Unless otherwise ordered by the Court, any hearing which may refer to or describe Confidential Business Information shall be held in camera.

If a non-producing party fails to do so, the producing party may request that such Confidential Business Information be placed under seal and restricted to the Court and those persons authorized by this Stipulation and Order. In the event that any Confidential Business Information is used in any court proceeding herein, it shall not lose its protected status through such use, and the parties and their attorneys shall take all steps reasonably required to protect its confidentiality during such use.

## V.

## NO WAIVER CONSTRUED

A producing party's inadvertent failure to designate Confidential Business Information as CONFIDENTIAL pursuant to this Stipulation and Order at the time of production shall not be deemed to be a waiver of the producing party's right to so designate. The producing party shall have twenty calendar days thereafter in which to correctly designate Confidential Business Information as CONFIDENTIAL. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of the documents, appropriately designated. Within ten calendar days of receipt of the substitute copies, the receiving party shall return or destroy the previous unmarked documents and all copies thereof.

## VI.

## RETURN OF DISCOVERY MATERIAL

Within sixty calendar days of the termination of this litigation, each party and its attorneys whose signature is attached hereto shall return all Confidential Business Information and all copies thereof. Counsel for each party may keep one copy of any pleadings, transcripts of hearings, and trial, containing Confidential Business Information. All additional copies of such materials shall be destroyed.

## VII.

## EFFECT ON ADMISSIBILITY

This Stipulation and Order shall have no effect on, and is completely neutral regarding the admissibility of Confidential Business Information. This Stipulation and Order will not act as a waiver of any privilege by the parties producing Confidential Business Information.

## VIII.

## CONTINUING JURISDICTION OF COURT

This Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Order throughout the course of this action and any related actions or appeals of this action.

## IX.

## THIRD PARTIES

A. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is held by a party under an obligation of confidentiality to an individual, entity, or entities not party to this action (a "third party"), the party to whom the discovery request, subpoena or deposition question is directed may, prior to the time that production or a response is due, move the Court for an order directing that the party not be required to respond to such discovery request.

B. Should any party to this action seek discovery from a third party, the third party shall be notified of the existence of the Stipulation and Order and provided with a copy upon the third party's request. Such third party may designate documents in accordance with the provisions of this Stipulation and Order and the parties agree to treat designated documents in the same manner as documents designated by parties to this action.

C. If any party to this action receives a subpoena from a third party that potentially calls for the production of documents designated "CONFIDENTIAL" in this action, the party receiving the subpoena shall notify and provide a copy of the subpoena to the designating party within seven calendar days of receipt of the subpoena and in any event prior to producing documents.

**IT IS SO STIPULATED.**

| | |
|---|---|
| CALVO AND CLARK, LLP<br>Attorneys At Law | BERMAN O'CONNOR MANN & SHKLOV<br>Attorneys At Law |
| By: _____<br>**DANIEL M. BENJAMIN**<br>Attorneys for Defendant | By: _____<br>**WILFRED R. MANN**<br>Attorneys for Plaintiffs |
| DATED: January 19, 2005. | DATED: Jan. 20, 2005. |

## ORDER

SO ORDERED this 27th day of January, 2005.

_____
HONORABLE JOAQUIN V.E. MANIBUSAN, JR.
JUDGE, District Court of Guam   Magistrate

**RECEIVED**
JAN 21 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

*Civil Case No. 04-00043*
T050119.56-0002A-1.CT(Stip and Protective Order)

7