MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090
Facsimile: (671) 477-5206

Attorneys for Defendants International Trading Network,
  Ltd., and Marianas Hospitality Corporation

**FILED**
DISTRICT COURT OF GUAM
MAY 10 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT A. SAMUELSON, SONNY DE VERA, NAPOLEON GONZALES, JR., REYNALDO FIGUEROA, ANGKENITA ANEKO, TULEN TULEN, ROZIE TAKAMINE, DANIEL H. HIPOLITO, JOHN M. MCCORMICK, SEIKO M. KIRACHKY, NELSON S. PIUS and BWANINA D. SALLE,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL TRADING NETWORK, LTD. d/b/a HYATT REGENCY GUAM, and MARIANAS HOSPITALITY CORPORATION d/b/a HYATT REGENCY GUAM,<br><br>Defendants. | CIVIL CASE NO. 04-00043<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

COMES NOW Defendants International Trading Network and Marianas Hospitality Corporation, dba Hyatt Regency Guam (collectively "Defendants"), and for their Answer to Plaintiffs' Third Amended Complaint ("Complaint"), do hereby admit, deny, and allege as follows:

1. Defendants admit the allegations of paragraph 1.

2. As to paragraph 2, Defendants are without knowledge of the facts alleged in paragraph 2 and on that basis deny those allegations.

1

3. As to paragraph 3 of the Complaint, Defendants admit that they are corporations organized and existing under the laws of the Territory of Guam. Defendants deny each and every other allegation in paragraph 3.

4. Defendants deny each and every allegation of paragraphs 4, 18 and 20.

5. As to paragraph 5 of the Complaint, Defendants admit that Plaintiff Robert A. Samuelson was employed at the Hyatt Regency Guam until on or about October 15, 2004, as a chef de partie at the Al Dente Restaurant. Defendants deny each and every other allegation in paragraph 5.

6. As to paragraph 6 of the Complaint, Defendants admit that Plaintiff Sonny De Vera was employed at the Hyatt Regency Guam until on or about June 25, 2004, as a chef de partie in the Al Dente Restaurant. Defendants deny each and every other allegation in paragraph 6.

7. As to paragraph 7 of the Complaint, Defendants admit that Plaintiff Napoleon Gonzales, Jr. is employed at the Hyatt Regency Guam as a chef de partie in the Al Dente Restaurant. Defendants deny each and every other allegation in paragraph 7.

8. As to paragraph 8 of the Complaint, Defendants admit that Plaintiff Reynaldo Figueroa is employed at the Hyatt Regency Guam as a chef de partie in the La Miranda Restaurant. Defendants deny each and every other allegation in paragraph 8.

9. As to paragraph 9 of the Complaint, Defendants admit that Plaintiff Angkenita Aneko is employed at the Hyatt Regency Guam as a chef de partie in the La Miranda Restaurant. Defendants deny each and every other allegation in paragraph 9.

10. As to paragraph 10 of the Complaint, Defendants admit that Plaintiff Rozie Takamine is employed at the Hyatt Regency Guam as a sous chef in the La Mirenda Restaurant. Defendants deny each and every other allegation in paragraph 10.

11. As to paragraph 11 of the Complaint, Defendants admit that Plaintiff Tulen Tulen was employed at the Hyatt Regency Guam as a sous chef in the Niji Restaurant and the Commissary until on or about April 19, 2004. Defendants deny each and every other allegation in paragraph 11.

2

12. As to paragraph 12 of the Complaint, Defendants admit that Plaintiff Daniel H. Hipolito is employed at the Hyatt Regency Guam as a chef de partie in the Commissary. Defendants deny each and every other allegation in paragraph 12.

13. As to paragraph 13 of the Complaint, Defendants admit that Plaintiff John M. McCormick is employed at the Hyatt Regency Guam with the title of team leader, repairs and maintenance.. Defendants deny each and every other allegation in paragraph 13.

14. As to paragraph 14 of the Complaint, Defendants admit that Plaintiff Seiko M. Kirachky is employed at the Hyatt Regency Guam with the title of head steward. Defendants deny each and every other allegation in paragraph 14.

15. As to paragraph 15 of the Complaint, Defendants admit that Plaintiff Nelson S. Pius was employed at the Hyatt Regency Guam with the title of head steward until on or about May 11, 2003. Defendants deny each and every other allegation in paragraph 15.

16. As to paragraph 16 of the Complaint, Defendants admit that Plaintiff Bwanina D. Salle was employed at the Hyatt Regency Guam with the title of head steward until on or about April 15, 2003. Defendants deny each and every other allegation in paragraph 16.

17. As to paragraph 17 of the Complaint, Paragraph 17 is a legal conclusion, not a factual allegation. On that basis, Defendants deny it.

18. Defendants deny each and every allegation in paragraph 19. As an additional ground for denial, Defendant also denies the allegation that its classification of Plaintiffs was contrary to 29 U.S.C. § 207(a) on the basis that this allegation is a legal conclusion, not a factual allegation.

19. As to paragraph 21, in which Plaintiffs restate of their previous allegations, Defendants restate each previous response or denial to each previous allegation.

20. Defendants deny each and every allegation in paragraph 22. As an additional ground for denial, Defendants also deny the allegation that they violated 22 G.C.A. § 3107(a) on the basis that this allegation is a legal conclusion, not a factual allegation.

3

21. Defendants deny each and every allegation in paragraph 23. As an additional ground for denial, Defendants deny the allegations on the basis that they attempt to state a legal conclusion, not a factual allegation.

22. Defendants deny each and every allegation in paragraph 24. As an additional ground for denial, Defendants deny the allegation on the basis that they attempt to state a legal conclusion, not a factual allegation.

23. Defendants deny each and every allegation in paragraph 25. As an additional ground for denial, Defendants deny the allegations on the basis that they attempt to state a legal conclusion, not a factual allegation.

24. Defendants deny the entirety of Plaintiffs' prayer for relief.

25. Defendants deny each and every other allegation of Plaintiffs' Third Amended Complaint not previously expressly admitted herein.

### AFFIRMATIVE DEFENSES

FOR AFFIRMATIVE DEFENSES, Defendants state as follows:

1. Plaintiffs' Complaint is barred, in whole or part, because it fails to state claims upon which relief can be granted.

2. Plaintiffs' Complaint is barred, in whole or part, by the statute of limitations.

3. Plaintiffs' Complaint is barred, in whole or part, by laches.

4. Plaintiffs' Complaint is barred, in whole or part, by unclean hands.

5. Plaintiffs' Complaint is barred, in whole or part, by waiver.

6. Plaintiffs' Complaint is barred, in whole or part, by estoppel.

7. Plaintiffs' Complaint is barred, in whole or part, by a failure to mitigate damages.

8. Plaintiffs' Complaint is barred, in whole or part, by a lack of good faith and/or bad faith.

9. Plaintiffs' Complaint is barred, in whole or part, by fraud.

10. Plaintiffs' Complaint is barred, in whole or part, by an insufficiency of service of process.

11. Plaintiffs' Complaint is barred, in whole or part, by their failure to exhaust administrative remedies.

12. Plaintiffs' Complaint is barred, in whole or part, by their failure to comply with conditions precedent to maintaining the instant lawsuit.

13. Plaintiffs' Complaint is barred, in whole or part, by their failure to state an actionable claim for liquidated exemplary or punitive damages.

14. Because Plaintiffs, at all relevant times, were employed in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213(a)(1) so as to be exempt from the minimum wage and hours provisions of the federal Fair Labor Standards Act (29 U.S.C. §§ 201, et seq.), they have no right of recovery against the Defendants.

15. Because all allegations put forth by Plaintiffs are covered by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., they have no right of recovery under Guam law.

16. Because all allegations put forth by Plaintiffs are covered by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., they have no right to claim penalties or punitive damages available under Guam law.

17. Plaintiffs' claims are barred by the doctrine of mutual mistake.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by this action;

2. A judgment of dismissal in favor of Defendants be entered; and

5

3. Defendants be granted such other relief as is just and appropriate under the circumstances, including reasonable costs and attorneys' fees.

Dated this 10th day of May, 2005.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendants

By _____
RANDALL TODD THOMPSON

P05260.rtt

6